**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4291**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JERRY DISMUKES,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Thomas E. Johnston,
District Judge.  (2:09-cr-00214-1)

───────────

Submitted:  October 31, 2011        Decided:  November 21, 2011

───────────

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Matthew A. Victor, VICTOR, VICTOR & HELGOE, LLP, Charleston,
West Virginia, for Appellant.  R. Booth Goodwin II, United
States Attorney, Monica L. Dillon, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Dismukes pled guilty to distributing five grams or more of cocaine base ("crack") and was sentenced to 105 months' imprisonment. On appeal, he raises three issues: (1) whether the district court erred by denying his motion to withdraw his guilty plea; (2) whether the court erred by enhancing his sentence by converting cash into crack cocaine for purposes of relevant conduct and imposing a firearm enhancement; and (3) whether his sentence was unreasonable in light of the 18 U.S.C. § 3553(a) (2006) factors. For the reasons that follow, we affirm.

First, we conclude that the district court did not abuse its discretion in denying Dismukes' motion to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating review standard). We note that the court held a hearing on the matter, analyzed the motion addressing each of the six factors discussed in our decision in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and found only one factor weighed in favor of Dismukes. Although all the factors in Moore must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Fed. R. Crim. P. 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We conclude that Dismukes' plea hearing was

2

conducted in compliance with Rule 11 and that Dismukes failed to show a fair and just reason to support his request to withdraw under Fed. R. Crim. P. 11(d)(2)(B).

Next, we conclude that the district court did not clearly err in finding Dismukes responsible for approximately 226 grams of crack as part of his relevant conduct. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (providing review standard). The court made a reasonable estimate of the crack involved. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1, comment. (n.12) (2010); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). The court converted the over $10,000 in cash which was found in Dismukes' possession in a hotel room, into an approximate amount of crack cocaine for purposes of determining drug weight. Moreover, as noted at the sentencing hearing, the court could have found Dismukes responsible for twice as much crack based on information in the presentence report.

Likewise, we conclude that the district court did not err in determining that Dismukes' sentence should be enhanced because of the firearm he possessed. See United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010). The firearm enhancement is proper if the weapon was present "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). A pistol was found in

Dismukes' vehicle, which, along with the crack, was driven from Michigan to West Virginia for the purpose of distributing crack cocaine. Moreover, the court found that the pistol could have been accessed relatively easily. Under these circumstances, it was not clearly improbable that the weapon was related to the offense, Manigan, 592 F.3d 621, 631, and we note that a sentencing court has broad discretion to apply the enhancement. United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997).

Finally, we conclude that Dismukes' sentence, imposed within his properly calculated Sentencing Guidelines range, was reasonable and did not constitute an abuse of discretion, Gall v. United States, 552 U.S. 38, 41, 51 (2007), and that the court adequately explained the sentence in light of the § 3553(a) factors. Id. at 49-51; United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also note that sentences imposed within a properly calculated sentencing range are entitled to a presumption of reasonableness on appeal. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Because Dismukes' claims fail on appeal, we affirm his conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4